IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARK PERCY MONROE,

      Petitioner,

v.                                  CASE NO. 1:10-cv-00244-MP -GRJ

STATE OF FLORIDA,

      Respondent.

_____/


# O R D E R

    This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Petitioner did not provide any service copies of the petition.  Petitioner is required to file his original petition and two identical service copies for service upon the Respondent and upon the Florida Attorney General.  *See* Rule 3, Rules Governing § 2254 Cases.  The Respondent will not be directed to respond to the Petition until Petitioner submits the necessary service copies.

    Accordingly, it is **ORDERED:**

That Petitioner shall have until **January 19, 2011**, to provide the Court with two service copies of the Petition.  **Failure to comply with this order as instructed, or to show cause as to why Petitioner is unable to comply, may result in the dismissal of this case for failure to prosecute and failure to comply with**

**an order of this court.**[1]

      **DONE AND ORDERED** this 20th day of December 2010.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review <u>does not</u> toll the one-year limitation period under § 2244(d)(2)).